IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

| | | |
|---|---|---|
| **BETTY BOWMAN** | * | |
| **ADC # 707881** | * | |
| | * | |
|     **Plaintiff** | * | |
| | * | |
| v. | * | **Case No. 1:05CV00085 SWW/JFF** |
| | * | |
| **LINDA DIXON** | * | |
| | * | |
|     **Defendants** | * | |

**PROPOSED RECOMMENDED DISPOSITION**

**I**.     **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## II.    DISPOSITION

Plaintiff, a state inmate, filed this *pro se* action asserting that on October 19, 2005, Defendant Dixon threatened her with retaliation for her use of the prison grievance process to file a grievance against another officer. Pending before the Court is Defendant's Motion for Summary Judgment (docket entry #19) asserting that Plaintiff has failed to exhaust administrative remedies. Plaintiff's response consists of several pages of grievance materials, although she makes no legal arguments (docket entry #22).[1] Following this Circuit's most recent

---

[1] Plaintiff has submitted an Informal Resolution and Grievance dated March 2006 in which she questions Major Dixon's involvement in decisions related to her class, medical and housing status given the pending lawsuit. Because of the date of the grievance papers and their subject matter, they are not material to the resolution of the pending summary judgment motion. Additionally, Plaintiff provided a copy of the Informal Resolution and Formal Grievance for the claim that is the basis of the pending action.

pronouncement on exhaustion, the exhaustion requirement is not a heightened pleading requirement for a plaintiff; but rather, it is an affirmative defense that a defendant has the burden to plead and prove. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).  In support of their Motion for Summary Judgment, Defendants have submitted the Declaration of Tiffanye Compton along with supporting exhibits.  The Court makes the following factual findings and conclusions of law based upon the evidence in the record.

### A.   Factual Findings

1.   Compton serves as the Inmate Grievance Supervisor for the Arkansas Department of Correction.  Her responsibilities include processing inmate grievance appeals for the Deputy Director.

2.   The Deputy Director's decision is the final step of the inmate grievance process. The Court takes notice of ADC policy AD04-01 providing that an appeal to the Deputy Director "must include the original Grievance Form . . . as well as the Warden/Center Supervisor Decision Form . . . [i]f not, it will be returned to the inmate with a request for proper forms."

"Receipt of filing [of the grievance appeal] shall be acknowledged in writing within five working days to the inmate by the Deputy/Assistant Director's Office."  The Deputy/Assistant Director will respond with a decision within 30 working days.  The entire grievance process must be completed within 76 working days.

3.   Plaintiff submitted an Informal Resolution dated October 19, 2005 complaining that she was called to Major Dixon's office earlier that day and threatened for filing a grievance on another officer, Mark Cullum.  The Informal Resolution reflects that it was received by Sergeant Donovon on October 19, 2005.

4. Plaintiff filled a formal grievance stemming from the Informal Resolution on October 24, 2005. The copy of the grievance provided by the Plaintiff does not reflect a receipt from ADC personnel, however, the parties apparently do not dispute that it was given grievance number MCP05-00828.

5. The Warden's response to grievance MCP05-00828 is dated November 2, 2005. Plaintiff's appeal of the Warden's response is dated November 8, 2005.

6. On December 6, 2005, Ms. Compton received attachment II to grievance MCP05-00828 from Plaintiff which is the Warden's decision on the grievance along with her appeal of the Warden's decision.

7. On January 4, 2006, Compton sent a memo to Plaintiff Bowman informing her that the documents were being returned to her due to her failure to comply with AD04-01, the policy governing the Inmate Grievance Procedure. Bowman was informed that she had failed to include all of the attachments with her appeal, including the Informal Resolution and the Formal Grievance. Bowman was informed that if she returned all of the required documents, her appeal would be processed.

8. As of April 25, 2006, the date of Ms. Compton's affidavit, Compton had not received the attachments regarding grievance MCP05-00828.

9. Bowman has not appealed any other grievance regarding Ms. Dixon.

**B.     Conclusions of Law**

Case law has clearly established that under 42 U.S.C. Section 1997e, administrative exhaustion is a prerequisite to maintaining a prison-conditions lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, ___ U.S.____ (2006). "Under the plain language of

1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Chelette v. Harris*, 229 F.3d 684, 687 (8th Cir. 2000), *cert. denied*, 531 U.S. 1156 (2001).  ADC policy AD04-01 specifically states that inmates are expected to present claims of retaliation through the administrative process.  The Eighth Circuit has interpreted prison conditions to include not only the conditions of confinement, but also the effects of actions of officials on the lives of persons confined in prison. *Castrano v. Nebraska Dep't of Correction,* 201 F.3d 1023 (8th Cir. 2000) (claims of excessive force by prison officials subject to exhaustion requirement). Given the broad definition in *Castrano*, retaliatory action is directed at affecting the life of the targeted inmate, and thus, it is subject to the exhaustion requirement.

      Here, Defendant argues that Plaintiff failed to perfect her appeal to the Deputy Director, and thus, obtain a decision on the merits of the grievance appeal from the Deputy Director.  The parties have not provided the Court with a copy of the Deputy Director's Acknowledgment of the grievance appeal.  Further, it is unclear to the Court why the appeal dated November 8, 2005 was not marked received by Ms. Compton until December 6, 2005.  Presumably, the 30 working day period for the Deputy Director's response must run from the date of receipt of the grievance appeal.  No evidence has been presented to the Court that the Deputy Director's Office received the appeal before the date it is marked received.[2]  If the operative date is December 6, 2005, then

---

[2]The policy provides for an extension for a Deputy Director's response to which the inmate must consent or the grievance appeal will be returned to the inmate without a decision on the merits.  However, the parties have not provided the Court with evidence that an extension was put in place.

Ms. Compton's January 4, 2006 response is timely. It is clear, however, that the 76 working day period for the completion of the entire "grievance procedure"[3] had not run as of January 4, 2006. Ms. Compton has stated in her declaration that Plaintiff was required to provide copies of the Warden's decision and the Informal Resolution with her appeal. The Court's review of AD04-01 states that the original Grievance Form and the Warden's Decision Form must be included, but the Court did not find a reference to mandatory inclusion of the Informal Resolution Form. While Plaintiff has provided the Court with copies of the Warden's Decision and the Informal Resolution demonstrating she completed these mandatory steps of the grievance process, there is no evidence before the Court that the original Grievance was provided with the appeal to the Deputy Director as required by ADC policy AD 04-01. Plaintiff was informed by the January 4, 2006 memo that if she returned the required documentation her appeal would be processed. As of this date, the evidence established that grievance MCP05-00828 had not been properly appealed to the Deputy Director's Office for a decision on the merits. Accordingly, Plaintiff has failed to exhaust her administrative remedies as required by 42 U.S.C. Section 1997e. IT IS THEREFORE RECOMMENDED that Defendant's Motion for Summary Judgment (docket entry #19) be GRANTED, and that Plaintiff's action be dismissed.

DATED this 17th day of July, 2006.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3] The 76 day period under the policy excludes the time period for the "Informal Resolution Procedure."